COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-07-043-CR

NO. 2-07-044-CR

ROBERT GLYNN REYNOLDS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Robert Glynn Reynolds pled guilty pursuant to a plea bargain to robbery by threat, and the trial court placed him on ten years’ deferred adjudication community supervision and assessed a $1,000 fine.  The State filed a petition to adjudicate, contending that Appellant had violated  conditions of his community supervision.  At the adjudication hearing, Appellant pled true to the allegations that he had violated three conditions of his deferred adjudication community supervision.  After the hearing, the trial court adjudicated Appellant’s guilt and sentenced him to six years’ confinement. At the hearing, Appellant also entered an open plea of guilty to a new count of robbery by threat.  The trial court convicted Appellant and sentenced him to six years’ confinement, with the sentences in both cases to run concurrently.

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
 by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.
(footnote: 2)  This court afforded Appellant the opportunity to file a brief on his own behalf, but he did not.

Once an appellant’s court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, we are obligated to undertake an independent examination of the record and to essentially rebrief the case for the appellant to see if there is any arguable ground that may be raised on his behalf.
(footnote: 3)  In Appellant’s deferred adjudication case, our independent review for potential error is limited to potential errors not involving the decision to adjudicate and potential errors occurring after adjudication.
(footnote: 4)  In the case in which Appellant entered an open plea of guilty, our independent review for potential error is limited to potential jurisdictional defects, the voluntariness of Appellant’s plea, error that is not independent of and supports the judgment of guilt, and error occurring after entry of the guilty plea.
(footnote: 5)
 We have carefully reviewed the records and counsel’s brief.  We agree with counsel that these appeals are wholly frivolous and without merit.  We find nothing in the records that might arguably support the appeals.
(footnote: 6)

Consequently, we grant the motion to withdraw in each case and affirm the trial court’s judgments.

PER CURIAM

PANEL F: DAUPHINOT, J.; CAYCE, C.J.; and MCCOY, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  November 15, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967).

3:
Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

4:
See 
Davis v. State
, 195 S.W.3d 708, 710 (Tex. Crim. App. 2006).  Because the adjudication hearing took place before June 15, 2007, current article 42.12, section 5(b) of the code of criminal procedure, which allows appeals from these cases, does not apply. 
 Tex. Code Crim. Proc. Ann. 
art. 42.12, § 5(b) historical note (Vernon Supp. 2007) [Act of May 28, 2007, 80th Leg., R.S., ch. 1308, §§ 53, 68, 2007 Tex. Gen. Laws 4404, 4421, 4422-23].

5:
See Monreal v. State
, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); 
Young v. State
, 8 S.W.3d 656, 666–67 (Tex. Crim. App. 2000).

6:
See Bledsoe v. State
, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005).